DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, which found appellant guilty of one count of attempted rape, in violation of R.C. 2923.02 and R.C. 2907.02(A)(1)(b), a felony of the second degree, and one count of intimidation of a crime victim or witness, in violation of R.C. 2921.04(B), a felony of the third degree. For the reasons set forth below, this court affirmed the judgment of the trial court. *Page 2 
 {¶ 2} Appellant, Raymond J. Thompson, sets forth the following single assignment of error:
 {¶ 3} "The verdicts were unsupported by sufficient evidence and against the manifest weight of the evidence."
 {¶ 4} The following undisputed facts are relevant to the issues raised on appeal. On May 23, 2006, appellant was temporarily staying at his brother's home in Toledo while recuperating following a car accident. Appellant's brother resided with his wife and 11-year-old step-daughter. Appellant was staying in a spare bedroom used as a computer room adjacent to the bedroom of his 11-year-old step-niece.
 {¶ 5} At approximately 4 a.m. on March 23, 2006, appellant went into his sleeping step-niece's bedroom, removed all of his clothing, and laid naked next to the sleeping girl, removed her pajamas and began to kiss the child.
 {¶ 6} The victim awoke to discover her naked step-uncle in bed kissing her and that her pajamas and underwear had been removed. The child jumped out of bed, put her pajamas back on, began yelling, and ran into her mother's room, woke her up, and told her what had occurred.
 {¶ 7} The police were immediately called and thereafter arrived at the residence to investigate the incident. A rape kit was conducted on the victim at St. Anne's Hospital. The lack of physical findings was consistent with the victim's report that kissing, but no penetration, had occurred. *Page 3 
 {¶ 8} Appellant admitted to being in the victim's room, but denied the rest of the events to the investigating officers. Appellant claimed that he had gone into his 11-year-old step-niece's bedroom at 4 a.m. in order to return a compact disc that he had borrowed from her. There is absolutely no evidence in the record in support of this statement.
 {¶ 9} During the investigation, appellant spontaneously volunteered to one of the responding officers that he did not understand why a big deal was being made since the girl was 13, and he could take her to Kentucky or Tennessee and marry her.
 {¶ 10} On March 31, 2006, appellant was indicted on one count of attempted rape, one count of intimidation of a crime victim or witness, and gross sexual imposition. Subsequent to his indictment, appellant sent several threatening letters from prison to the victim's stepfather. In this correspondence, appellant claimed that this 11-year-old victim, who by all accounts is neither mature or advanced for her age, conveyed to him that she wanted to lose her virginity. Appellant claims that he responded to her that she would have to wait until she turned 18 before he could "do anything" with her.
 {¶ 11} More significantly, appellant stated in this correspondence that if the charges continued to be pursued against him he would send the victim and her mother to meet his mother. Appellant's mother was deceased, unambiguously showing the threatening underlying intent and nature of appellant's statement directed to the victim.
 {¶ 12} On August 15, 2006, the jury unanimously found appellant guilty of attempted rape and intimidation of a crime victim or witness. A pre-sentence investigation was performed. On September 18, 2006, appellant, who had six prior *Page 4 
felony convictions, was sentenced to seven years incarceration for attempted rape and four years incarceration for the intimidation count, to be served consecutively. On October 20, 2006, appellant filed a timely notice of appeal.
 {¶ 13} In support of his sole assignment of error, appellant asserts that the verdicts against him were not supported by sufficient evidence and were against the manifest weight of the evidence.
 {¶ 14} A criminal conviction may be overturned on appeal, if there is insufficient evidence or if it is against the manifest weight of the evidence. In considering a challenge based upon the sufficiency of the evidence, we must determine whether the evidence submitted to the trial court was legally sufficient to establish the elements of the charged offense. State v. Thompkins (1997), 78 Ohio St.3d 380, 387. In resolving the sufficiency question, we ascertain whether the evidence presented, if believed, would satisfy an average person of the defendant's guilt beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 15} In conjunction with the above analysis, we must also consider whether the verdicts were against the manifest weight of the evidence. When examining whether conviction went against the manifest weight of the evidence, the appellate court serves as a "thirteenth juror" to conclude whether the trial court lost its way so significantly faster results in a manifest miscarriage of justice necessitating that the conviction be overturned. Thompkins at 387. *Page 5 
 {¶ 16} In reaching this decision, we must review and consider the record of evidence, all reasonable inferences, and consider witness credibility. Id. Given the trial court's unique opportunity to observer closely and to assess the demeanor and credibility of the witnesses and the evidence presented, we grant substantial deference to the trial court's determinations. State v. Mickles, 6th Dist. No. L-05-1206,2006-Ohio-3803.
 {¶ 17} The elements of the primary offense, attempted statutory rape, are set forth in R.C. 2923.02. R.C. 2923.02(A) establishes that no person shall purposely engage in conduct which, if successful, would have resulted in the commission of the offense of rape, having sexual conduct with another under the age of 13, who is not his spouse, whether or not he knew the age of the person. The record shows that the state presented credible testimony from the victim, her mother, step-father, and the responding officers' persuasive showing that appellant went into the bedroom of his sleeping 11-year-old step-niece at 4 a.m., disrobed, got into bed with her while naked, removed the sleeping child's pajamas and underpants, and began kissing her, at which point she awoke and fled the room.
 {¶ 18} In contravention to this evidence, appellant presented an evolving version of events. Appellant denied the incident and claimed he was simply returning a compact disc to his 11 year-old sleeping step-niece in the middle of the night. Subsequently, appellant made unsupported accusations stating that the victim approached him seeking to lose her virginity and that he rebuffed her telling her she would have to wait to "do anything" with him until she turned 18. Testimony provided by the victim, her mother, *Page 6 
her step-father, and the investigating officers shows that the maturity level and functioning of the victim does not comport with appellant's implication that she instigated the incident with him.
 {¶ 19} In addition, testimony of one of the investigating officers established that appellant spontaneously and voluntarily stated shortly after the incident that he failed to understand why a big deal was being made as he could take the girl to a state such as Kentucky or Tennessee and marry her. Such a statement is more of an indicia of guilt than innocence.
 {¶ 20} Lastly, the record establishes that appellant sent correspondence to the victim's stepfather stating that once he is "out" the girl will "get hers." Appellant's correspondence also indicated that if the charges were pursued the victim and her mother would be meeting his mother. Appellant's mother is deceased. Given this context, the intent to threaten and intimidate is self-explanatory.
 {¶ 21} We have carefully reviewed and considered the record of evidence in this matter. We find that the record contains sufficient evidence to convince the average person beyond a reasonable doubt that appellant committed attempted statutory rape and intimidation of a crime victim or witness. The evidence submitted was legally sufficient to establish the element of the two offenses for which appellant was convicted. The record contains no evidence establishing that the trial court lost its way or perpetrated a manifest miscarriage of justice. We find appellant's assignment of error not well-taken. *Page 7 
 {¶ 22} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the cost of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Arlene Singer, J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1